UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANET HOYT,   / Case No.

    Plaintiff,   INJUNCTIVE RELIEF SOUGHT

v.

WEN SOUTH, LLC,

    Defendant.

---

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Janet Hoyt, through her undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by Wen South, LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

1

4. Defendant is a limited liability company with its registered office located at 1201 Hays St, Tallahassee, FL 32301.

5. Upon information and belief, Defendant owns or operates several "Wendy's" restaurants whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities including extreme chronic arthritis in her lower extremities, the loss of use of her legs, rheumatoid arthritis in both her arms and legs, a floating knee, a fractured leg, multiple ankle surgeries, and both significant scarring and scar tissue build up in her knees due to numerous surgeries. These permanent conditions cause sudden onsets of severe pain and require Plaintiff to use a mobility device at all times, which substantially limits Plaintiff's major life activities.

8. At the time of Plaintiff's initial visit to each of Defendant's Wendy's locations (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff encountered barriers to access at three Facilities which denied her full and equal access and enjoyment of the services, goods, and amenities.

10. Plaintiff is a customer of Defendant and would return to each Facility if Defendant modifies each Facility and its policies and practices to accommodate individuals who have physical disabilities, but she is deterred from returning due to the

barriers and discriminatory effects of Defendant's policies and procedures at each Facility.

11. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

12. Plaintiff incorporates the above paragraphs by reference.

13. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; (3) Defendant's duty to remove architectural barriers at each Facility; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

14. Plaintiff seeks an order declaring that she was discriminated against on the basis of her disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

15. Plaintiff incorporates the above paragraphs by reference.

16. Wendy's is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see also 28 C.F.R. § 36.104.

17. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7); 28 C.F.R. § 36.104.

18. The 2010 Standards for Accessible Design (the "Standards") set minimum requirements for public accommodations to be readily accessible to and usable by individuals with disabilities.

19. Public accommodations must remove architectural barriers pursuant to the Standards unless a safe harbor applies. 28 C.F.R. § 36.304(d)(2).

20. Plaintiff personally encountered architectural barriers on August 2, 2020, at the Facility located at 4907 Big Island Dr., Jacksonville, FL 32246:

   a. Women's Restroom:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      ii. Not providing operable parts (stall door handle) that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards.

      iii. Not providing enough clear floor space around a water closet as required by sections 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 of the Standards.

    iv. Not providing proper spacing between a grab bar and paper towel dispenser in violation sections 609, 609.1 and 609.3 of the Standards.

    v. Providing grab bars of improper horizontal length or spacing along the side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

    vi. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

21. Plaintiff personally encountered architectural barriers on July 25, 2020, at the Facility located at 14447 Beach Blvd, Jacksonville Beach, FL 32250:

  a. Women's Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

    ii. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards.

  iii. Not providing operable parts (stall door handle) that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards.

  iv. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

  v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

  vi. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

  vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

22. Plaintiff personally encountered architectural barriers on July 25, 2020, at the Facility located at 7102 Bonneval Rd, Jacksonville, FL 32256:

 a. Women's Restroom:

  i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      ii. Not providing operable parts (stall door handle) that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards.

     iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

     iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

      v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

     vi. Not providing a coat hook within the proper reach ranges for a person with a disability as required by sections 603, 603.4 and 308 of the Standards.

    vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

b. Pathway to Entrance:

      i. Providing pathways and surfaces that are uneven as required by sections 206, 206.1, 206.2, 206.2.2, 303 and 403.4 of the Standards.

23. These barriers cause Plaintiff difficulty in safely using each element of each Facility, requiring extra care due to concerns for safety and a fear of aggravating her injuries.

24. Defendant has failed to remove some or all of the barriers and violations at each Facility.

25. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to each Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

26. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

27. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at each Facility due to the barriers and other violations listed in this Complaint.

28. It would be readily achievable for Defendant to remove all of the barriers at each Facility.

29. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.	declare that each Facility identified in this Complaint is in violation of the ADA;

B.	enter an Order requiring Defendant make each Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.	enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D.	award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E.	grant any other such relief as the Court deems just and proper.

Respectfully Submitted,

| | |
|---|---|
| THE ONYX GROUP<br>*Attorney for the Plaintiff*<br>47 Krome Ave<br>Homestead, Florida 33030<br>Phone: (786)504-5760<br>Fax: (305)602-5988<br>Email: jarias@theonyx.group<br>/s/ Jonathan Arias<br>Jonathan Arias, Esq.<br>Florida Bar No. 126137 | LETT LAW FIRM<br>*Attorney for the Plaintiff*<br>6303 Blue Lagoon Drive<br>Suite 400<br>Miami, Florida 33126<br>Phone: (305)-912-5388<br>Email: alett@lettlawfirm.com<br>/s/ Ariel Lett<br>Ariel Lett, Esq.<br>Florida Bar No. 115513 |

Dated: October 11, 2021